UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA WINDLEY, et al.,<br><br>   *Plaintiffs*,<br><br>v.<br><br>STARION ENERGY, INC., et al.,<br><br>   *Defendants.* | STIPULATION AND ORDER<br>DISMISSING CASE<br><br>Civil No. 1:14-CV-09053 |

### STIPULATED ORDER

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and the Parties' telephone status conference with the Court on March 30, 2017, Plaintiffs Diana Windley and Case Martin, by and through counsel, and Defendants Starion Energy, Inc.; Starion Energy PA, Inc.; and Starion Energy NY, Inc., by and though counsel (collectively, the "Parties"), hereby jointly agree and stipulate to the voluntary dismissal of the above-captioned litigation <u>without prejudice</u>.

The Parties stipulate and agree that this dismissal does not limit or affect the tolling during the pendency of the above-caption litigation of the statutes of limitations of claims alleged by the Plaintiffs on behalf of themselves and potential class members.

The Parties stipulate and agree that they are seeking to settle the claims alleged by the Plaintiffs in the above-captioned litigation through a class settlement in the case *Gruber v. Starion Energy, Inc.*, No. HHD-CV017-6075408-S, pending in the Connecticut Superior Court at Hartford (the "*Gruber* Matter").

The Parties stipulate and agree that this dismissal does not limit or affect any Plaintiff, including Diana Windley and Case Martin, or potential class member's right or ability to participate in a class settlement in the *Gruber* Matter.

The Parties stipulate and agree that should the claims alleged by the Plaintiffs on behalf of themselves and potential class members in the above-captioned litigation not be resolved through a class settlement in the *Gruber* Matter, the Plaintiffs, at their sole option, may reopen and resume

the above-captioned litigation, the Parties will return to the same position they were in before this Stipulation was executed, and the claims alleged in the above-captioned litigation by the Plaintiffs and potential class members shall be deemed tolled during the intervening period.

The Parties stipulate and agree that this dismissal is not a judgment and that it does not form a basis for the costs or expenses of either party to be imposed on the other party.

Respectfully submitted,

Dated: March 31, 2017

| SANFORD HEISLER LLP | ECKERT SEAMANS CHERIN & MELLOTT, LLC |
|---|---|
| By: _____ | By: _____ |
| Jeremy Heisler | Keith E. Smith |
| Michael D. Palmer | Two Liberty Place |
| Andrew Melzer | 50 S. 16th Street, 22nd Floor |
| David Tracey | Philadelphia, PA 19102 |
| 1350 Avenue of the Americas, 31st Floor | Tele: (215) 851-8400 |
| New York, NY 10019 | Fax: (215) 851-8383 |
| Tele: (646) 402-5650 | ksmith@eckertseamans.com |
| Fax: (646) 402-5651 | |
| jheisler@sanfordheisler.com | *Attorneys for Defendants* |
| mpalmer@sanfordheisler.com | |
| *Attorneys for Plaintiffs* | |

SO ORDERED:

_____ 3/31/17
WILLIAM H. PAULEY III
U.S.D.J.